UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Aaron Bloom )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>Portfolio Recovery Associates, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    2711 Centerville Road, Suite 400 )<br>    Wilmington, DE 19808 )<br>)  | Case No. |

## COMPLAINT

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2. Defendant Portfolio Recovery Associates, LLC ("PRA") violated the FDCPA by suing Mr. Bloom to collect a debt that was barred by the statute of limitations.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

4. Plaintiff Aaron Bloom is a natural person who resides in Fayette County, Ky. Mr. Bloom is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company which has registered with the Kentucky Secretary of State, and the principal purpose of whose business is the purchase and collection of defaulted debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

6. PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). PRA is also a furnisher of information within the meaning of the FCRA.

## STATEMENT OF FACTS

7. Defendant Portfolio Recovery Associates, LLC filed suit against Plaintiff Aaron Bloom in Fayette District Court, Case No. 16-C-04699, on June 28, 2016.

8. PRA's lawsuit was an attempt to collect a charged-off credit card debt originated by Capital One Bank (USA), N.A. ("Capital One").

9. Upon information and belief, the Capital One credit card debt was incurred for personal, family, or household purposes, which makes the Capital One credit card debt a "debt" within the meaning of the FDCPA.

10. A true and accurate copy of PRA's state court complaint is attached as Exhibit "A."

11. Mr. Bloom last made a payment on the Capital One credit card debt in March or April 2011.

12. Consequently, Capital One's cause of action against Mr. Bloom began to run no later than May 2011, which is the latest the first missed payment due on the debt could have occurred.

13. As Capital One's alleged assignee, PRA's cause of action against Mr. Bloom began to run when Capital One's cause of action against him began to run. *Whayne Supply Co. v. Morgan Constr. Co.,* 440 S.W.2d 779, 782-83 (Ky. 1969).

14. The statute of limitations for collection of credit card debt under Kentucky law is five years. *See Conway v. Portfolio Recovery Assocs., LLC*, 13 F. Supp. 3d 711, 715 (E.D. Ky. 2014); *Fulk v. LVNV Funding LLC*, 55 F. Supp. 3d 967, 972 (E.D. Ky. 2014).

15. So PRA's cause of action against Mr. Bloom is barred by Kentucky's five-year statute of limitations. It also barred by Virginia's three-year statute of limitations.

16. Capital One is a national bank headquartered in the state of Virginia.

17. Capital One Bank's cause of action against Mr. Bloom, if any, accrued in Virginia because the economic injury occurred in Virginia when Mr. Bloom failed to make required payments on his credit card account.

18. Under Virginia law, credit card debt is subject to a three-year statute of limitations. *Conway*, *supra* at 722; *Delrey v. Capital One Bank*, 08-514 AP, 2009 WL 5103229 (Fla. Cir. Ct. July 7, 2009).

19. Under straightforward application of Kentucky's borrowing statute, KRS 413.320, PRA's claim against Mr. Bloom was subject to Virginia's three-year statute of limitations.

20. PRA filed suit against Mr. Bloom more than three years after its cause of action accrued against Mr. Bloom, and therefore, PRA's claim was barred by Virginia's three-year statute

of limitations.

21. PRA violated the FDCPA by suing Mr. Bloom to collect a time-barred debt from him.

## CLAIMS FOR RELIEF

**I. Violations of the Fair Debt Collection Practices Act**

22. The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Aaron Bloom requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.


Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Ave.
Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com